**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DAMON JOINER,** ) | CASE NO.1:07CR0233 |
| ) | 1:08CV2063 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | OPINION AND ORDER |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF #51). Petitioner contends that he received ineffective assistance of counsel, and entrapment.  For the following reasons, The Court denies Petitioner's Motion.

## FACTS

On April 24, 2007, a federal grand jury returned a three count indictment against Petitioner charging him with two counts of Distribution of Cocaine Base (crack), in violation of Title 18, United States Code, Section 841(a)(1) and (b)(1)(A), and one count of Possession with Intent to Distribute Cocaine Base (crack), in violation of Title 18, United States Code, Section 841 (a)(1) and (b)(1)(B).  He was arrested and arraigned on May 2, 2007.  Petitioner entered into a written Plea Agreement and pled guilty to all counts on August 8, 2007. He was sentenced on December 14, 2007,  to

1

107 months each on all counts to run concurrent, followed by five years of supervised release. Petitioner was further ordered to pay a special assessment of $300.00, and his fine was waived.  Petitioner did not appeal his conviction or sentence.

## STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003) quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

Petitioner contends that he received ineffective assistance of counsel in violation of the Sixth Amendment, because his counsel failed to properly investigate the case. Petitioner also contends if counsel had investigated further, he would have found entrapment, as the Government persuaded him to commit a crime he was not willing to commit.

Ineffective counsel claims are governed by the *Strickland v. Washington,* 466 U.S. 668 (1984) standard, in which the United States Supreme Court propagated a two-prong test which would, if met, warrant reversal of a conviction: First, counsel's performance must fall below an objective standard of reasonableness, and second,

there is a reasonable probability that counsel's deficient performance prejudiced the prisoner, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* at 687-689. The reasonable probability issue is the focus of both parties to this habeas motion. A reasonable probability is, "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In addition, the review of defense counsel is done with a presumption of reasonableness that must be overcome to meet the *Strickland* test: "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-689. In the context of a Plea Agreement, there must be " a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

      The Government correctly points out that at the beginning of the plea hearing, the Court asked the Petitioner if he was satisfied with his attorney and the Petitioner stated he was. Prior to the conclusion of the plea hearing, the Court again asked the Petitioner whether he was satisfied with his attorney's representation of him and if he had any other questions prior to entering his plea. Petitioner advised he did not. On August 31, 2007, Petitioner filed a pro se pleading captioned "Motion to Dismiss Counselor." Petitioner gave no indication in his motion why he was seeking to discharge his attorney. The Court conducted a hearing on his request on October 10, 2007, and found the Petitioner did not demonstrate a valid reason to replace his attorney.

      Petitioner then filed a pro se Sentencing Memorandum on September 10, 2007 in which he argued he was entitled to a downward departure for cooperation, he was

3

entitled to a reduction for role in the offense, and he was entitled to credit for acceptance of responsibility and extreme remorse.  This pro se Sentencing Memorandum never claimed his attorney was ineffective, failed to investigate the case, or that defendant was somehow entrapped.  Rather, as the Government correctly points out, Petitioner acknowledged his guilt, and asked the Court to be lenient at sentencing due to his extreme remorse and  acceptance of responsibility.

The Government asserts that even when Petitioner said he was dissatisfied with his attorney, he reaffirmed his guilt and his desire to proceed with the Plea Agreement. He was sentenced in accordance with the Plea Agreement and was sentenced substantially below the mandatory minimum.  The Court agrees with the Government that Petitioner has not shown how any of his attorney's actions have prejudiced him in any way.

Petitioner has offered no proof beyond mere allegation that his counsel's performance was deficient.  Petitioner has not sought to withdraw his plea nor does he allege actual innocence in his motion.  Also, the Government points out that Petitioner does not allege he would have declined the Plea Agreement and gone to trial if it were not for his counsel's deficient performance. The Sixth Circuit has held it is significant evidence against a Petitioner's claim of ineffective assistance of counsel when his/her motion fails to demonstrate Petitioner pled guilty solely in reliance on his attorney's allegedly mistaken advice.  See *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990).  The Court finds that Petitioner's claim of ineffective assistance of counsel is meritless.

Petitioner also contends his attorney should have investigated whether Petitioner

was entrapped and pursued a defense of entrapment. Petitioner contends he was not willing to commit the crime in this case. Entrapment is a complete defense to a criminal charge, on the theory that, "[g]overnment agents may not originate a criminal design, implant in an innocent person's mind the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute." *Jacobson v. United States*, 503 U.S. 540, 548 (1992). A valid entrapment defense has two related elements: (1) government inducement of the crime, and (2) the defendant's lack of predisposition to engage in the criminal conduct. *Mathews v. United States*, 485 U.S. 58, 63 (1988). Of the two elements, predisposition is by far the more important. *Id.*

In this case, defense counsel chose not to pursue an entrapment defense.  The Court agrees that this strategic decision was entirely reasonable given the evidence in this case and Petitioner's previous criminal record.  A defendant who claims that he was entrapped opens himself to "an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue." *Sorrells v. United States*, 287 U.S. 435, 451 (1932).

The Government points out that the only manner in which entrapment could have been raised as a defense would have been at a trial. Entrapment is an issue of fact that must be submitted to the jury. If he had raised the issue of entrapment, it would have opened the door at trial to all evidence regarding pre-disposition. The Court agrees with the Government that Petitioner's criminal history, including his previous crack cocaine sales in 2002 and drug possession at other times would have been introduced at his trial. Therefore, the Court finds, defense counsel's strategic decision not to pursue a defense of entrapment was not ineffective.

Therefore, for the foregoing reasons, the Court finds Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable and prejudiced Petitioner.  Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under  2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since this Court has determined the claims made by Petitioner in his Motion to Vacate  are meritless, Petitioner has failed to make a substantial showing of the denial of constitutional  right.  Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

June 30, 2010                                      S/Christopher A. Boyko
                                                   CHRISTOPHER A. BOYKO
                                                   United States District Judge